# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LLOYD STEVEN BEVERLY, JR.,

    *Petitioner*,

vs.

BILL DONAT, *et al.*,

    *Respondents.*

3:08-cv-00409-ECR-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as to whether the petition is subject to dismissal as a successive petition. This order follows upon the Court's earlier show cause order (#9) and petitioner's response (#10).

### *Background*

Petitioner Lloyd Steven Beverly, Jr. seeks to challenge his January 2000 judgment of conviction and sentencing thereunder following upon his conviction, pursuant to a jury verdict, of one count of conspiracy to commit burglary, two counts of burglary, one count of attempted burglary, and one count of possession of burglary tools, together with his adjudication as a habitual criminal. It appears from the amended petition and attachments that petitioner was sentenced to three consecutive terms of 60 to 190 months each in prison and two concurrent terms of one year each in jail.

Petitioner does not dispute that he previously filed a federal petition in this Court challenging the same judgment of conviction in No. 3:03-cv-00105-ECR-RAM. He further

acknowledges that the petition in that matter was denied on the merits and that he has not received permission from the Court of Appeals to file a successive petition. Review of this Court's records in the prior matter confirms that the prior petition was denied on the merits, with final judgment being entered on January 25, 2006. No appeal was taken from the judgment of dismissal. No. 3:03-cv-00105-ECR-RAM, ## 17 & 18.

### *Governing Law*

Under 28 U.S.C. § 2244(b)(1) & (2), a claim in a "second or successive petition under section 2254" must be dismissed if it was presented in a prior petition; and, if the claim was not presented in the prior petition, it may be considered only in the circumstances delineated in § 2244(b)(2). Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition is filed in the district court, the applicant must move in the Court of Appeals for an order authorizing the district court to consider the petition. If an earlier federal petition is dismissed on the merits, any subsequent petition challenging the same judgment of conviction or sentence will constitute a second or successive petition. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

### *Discussion*

Petitioner has failed to demonstrate that the petition is not subject to dismissal as a successive petition.

First, petitioner maintains that he filed the February 2009 amended petition in this matter "pursuant to a previous order of this Court." #10, at 3. Petitioner apparently is referring to the prior preliminary screening order (#5). That order directed petitioner to file an amended petition because petitioner did not sign the original petition, petitioner failed to follow the instructions in the petition form regarding the statement of his claims, petitioner failed to respond to the exhaustion inquiries on the petition form, and petitioner failed to attach copies of all state court written decisions regarding his conviction. The order did not constitute permission from this Court to file a successive petition, and the order merely directed the petitioner to correct multiple pleading deficiencies that would result in the dismissal of the petition "on its face" without regard to any other issues. See #5, at 1, line 22. More to the

point, petitioner must obtain permission not from this Court but instead from the Court of Appeals to file a successive petition. This Court does not have the authority to give a petitioner permission to file a successive petition. Indeed, the district court does not have jurisdiction over a successive habeas petition unless petitioner first has obtained permission from the Court of Appeals to file the successive petition. *See,e.g., Cooper v. Calderon*, 274 F.3d 1270, 1274-75 (9th Cir. 2001).

Second, petitioner maintains that he is actually innocent as to the habitual criminal adjudication because of alleged deficiencies in the habitual criminal adjudication. Such an argument, however, must be presented to the Court of Appeals in the first instance in seeking permission to file a successive petition. The argument does not provide a basis for avoiding the requirement that the petitioner first obtain permission from the Court of Appeals to file a successive petition. *See* 28 U.S.C. § 2244(b)(2) & (3).

Third, petitioner maintains that, because he allegedly is actually innocent as to the habitual criminal adjudication, he therefore can overcome the federal one-year time bar and any other procedural bars. Contrary to the petitioner's assertions, however, this Court did not order petitioner to show cause why the petition should not be dismissed as successive and/or as time-barred. The Court instead ordered the petitioner – at this juncture – to show cause only why the petition should not be dismissed as successive. Petitioner's actual innocence argument must be made to the Court of Appeals in the first instance pursuant to Section 2244(b)(2) & (3).

The present petition therefore must be dismissed as a successive petition due to petitioner's failure to first secure authorization from the Court of Appeals to file the petition.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice as a successive petition.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk shall serve a copy of this order, the judgment, and the amended petition by sending same by certified mail to the Office of the Attorney General, Criminal Division, 100 North Carson St., Carson City, NV 89701-4717. No response is required.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: May 7, 2009

*Edward C. Reed.*
_____
EDWARD C. REED
United States District Judge

-4-